Feliciano Acevedo, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Hospital San Antonio, Inc., recurre ante nos mediante escrito de apelación debidamente perfeccionado, solicitando, en síntesis, que revoquemos la sentencia del Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante TPI) de 5 de octubre de 2001. En dicha sentencia, el foro apelado declaró con lugar la demanda por despido injustificado y discrimen por razón de edad, presentada por el Dr. William Cruz Antequera, Ascensión Martínez Lizándara, la Sociedad Legal de Gananciales compuesta por ambos, y los hijos de éstos, D'risde Cruz Martínez, Yalina Cruz Martínez y Darik Cruz Martínez. En la sentencia apelada, el TPI impuso al apelante el pago de seis mil trescientos dólares ($6,300.00) por concepto de mesada a tenor con la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. 185 a et seqy la cantidad de ochenta y dos mil seiscientos dólares ($82,600.00) por salarios dejados de devengar.
I
El coapelado, Dr. William Cruz Antequera, es doctor en medicina y fue contratado por el Municipio de Mayagüez en su capacidad de médico, como empleado regular y mediante remuneración sin término determinado, el T de septiembre de 1997. Posteriormente, el T de septiembre de 1998, la demanda adquirió del Municipio de Mayagüez el Hospital para el cual laboraba el coapelado. El salario mensual del coapelado era de cuatro mil doscientos dólares ($4,200.00). Además, el 6 de septiembre de 1999, la apelante y el coapelado firmaron un contrato de servicios de guardias médicas por el término de un año. Por razón de este contrato, el coapelado percibía un ingreso adicional de dos mil quinientos dólares ($2,500.00) mensuales. El 3 de enero de 2000, la apelante despidió al Dr. Cruz Antequera como empleado de la institución médica debido a una alegada reorganización de la Sala de Emergencia del Hospital. Luego de ello, el 7 de enero de 2000, la apelante notificó al coapelado que daba por terminado el contrato de guardias médicas a partir del 17 de enero de 2000. El Hospital San Antonio, Inc. adujo que quería que los médicos que laboraban en la Sala de Emergencia lo hicieran bajo contrato de guardias médicas. No obstante, al momento del despido del coapelado y posterior a ello, permanecieron trabajando otros dos médicos como empleados regulares y de menor antigüedad que el Dr. Cruz Antequera. Al momento del despido, el coapelado tenía cincuenta y seis (56) años de edad, siendo el de *942 mayor edad de todos los médicos del Hospital, y veintisiete (27) años ejerciendo la profesión médica. Entre sus funciones se encontraba la de coordinar las guardias médicas de la Sala de Emergencias del Hospital, labor en la que fue sustituido por la Dra. Yadira Vázquez Rivera, de treinta y cuatro (34) años de edad y menor antigüedad en la institución que el coapelado. Por otro lado, en las labores de médico de Sala de Emergencia, el coapelado fue sustituido por el Dr. Jack Sánchez Cruz, de cuarenta y seis (46) años y quien permaneció con el status de médico regular.
El TPI entendió probado el alegado despido injustificado y el discrimen por razón de edad. Concluyó que el apelante no pudo probar la existencia de la alegada reorganización con la cual justificaba el despido del Dr. Cruz Antequera. Indicó, además, que el Hospital violó el Art. 3 de la Ley Núm. 80, 29 L.P.R.A. § 185 c, al despedir al médico de mayor antigüedad y retener a otros de menor antigüedad. Añadió que el apelante no rebatió la presunción establecida por el Art. 3 de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. § 148, que dispone que una vez el tribunal determina que el despido fue sin justa causa, se entenderá que el mismo fue discriminatorio.
II
Inconforme con la determinación del foro a quo, el apelante alega que cometió error el Honorable Tribunal de Primera Instancia al:

"1. disponer que la parte demandada y apelante estaba obligada a comenzar con el desfile de la prueba, siendo ello obligación de la parte demandante.

2. concluir que el despido del codemándate Cruz Antequera fuera uno sin que mediara justa causa.

3. concluir que el despido del codemandante Cruz Antequera fuera uno discriminatorio por razón de edad.

4. computar la mesada que le adjudicó al codemandante Cruz Antequera.

5. condenar a la parte demandada-apelante a pagarle a Cruz Antequera el salario que surgía del contrato de guardias médicas que le fue cancelado conforme a las cláusulas del contrato, así como por el tiempo que estuvo sin trabajar bajo el contrato de trabajo sin término."

III
El primer señalamiento de error cuestiona un aspecto de índole procesal, en específico, el orden en que debe ser presentada la prueba en casos donde se alega despido sin justa causa y discrimen por razón de edad. En este caso, el TPI dispuso que la presentación de la prueba fuera iniciada por la parte demandada. Ante nos, el apelante alega que el foro de instancia erró al alterar el orden en que se presentaría la prueba. Por su parte, los apelados arguyen que dicho foro tenía discreción para alterar el orden de la presentación de la prueba con el fin de evitar dilaciones innecesarias.
Las Reglas de Evidencia disponen de la forma en que ha de presentarse la prueba en todos los procedimientos judiciales. En todo proceso civil, la obligación de presentar prueba y de persuadir al juzgador le corresponde al demandante. Regla 10(A), 32 L.P.R.A. Ap. IV, R. 10(A). Las Leyes Núms. 80 ó 100, ante, alteran el concepto de sobre quién recae el peso de la prueba.
Recientemente nuestro más alto foro judicial resolvió una situación similar a la de autos. En Díaz Fontánez v. Wyndham Hotel Corp., 2001 J.T.S. 146, el Tribunal Supremo aceptó que en una reclamación al amparo de la Ley Núm. 80, ante, y la Ley Núm. 100, ante, primero se dilucide la reclamación sobre despido injustificado y luego, de ser necesario, la de despido discriminatorio. Esto con el propósito de que, si el demandado prueba que el despido fue por justa causa, no sea necesario dilucidar la reclamación por discrimen. En dicho caso, al igual que en el de marras, el foro de instancia comenzó la presentación de la prueba por la parte demandada.
*943 Para que prevalezca una reclamación al amparo de la Ley Núm. 100, ante, una vez el juzgador ha determinado que no hubo justa causa para el despido, el demandante tiene que probar un caso prima facie de discrimen. Esto es, demostrar que pertenece a una clase protegida por la Ley, en este caso por edad; o que estaba cualificado para ejercer el puesto que ocupaba o que fue sustituido por una persona más joven. Díaz Fontánez, supra; Alberto Acevedo Colom, Legislación Protectora del Trabajo Comentada, Séptima Ed. Rev., 2001, San Juan, págs. 184-185 y 197-198. Basta probar una de ellas, para que se active la presunción del Art. 3 de la Ley Núm. 100, ante, y el demandado tenga el deber de rebatirla. Díaz Fontánez, supra, en la pág. 265. Debemos destacar que en Puerto Rico, contrario a otras jurisdicciones, no existe un límite de edad para activar la protección de la ley antidiscrimen.
Asimismo, la Regla 43 (C) de las de Evidencia faculta al juzgador de los hechos a que, en el ejercicio de su sana discreción, disponga del modo en que se presentará la prueba con el fin de obtener en forma más efectiva la verdad sobre los hechos en disputa y evitar dilaciones innecesarias. 32 L.P.R.A. Ap. IV, R. 43 (C). De los autos del caso se desprende que ambas partes tuvieron debida oportunidad de presentar y refutar evidencia, por lo cual, y tomando en consideración todos los aspectos relacionados a este tema, concluimos que no cometió el tribunal apelado el error señalado.
IV
El segundo y el tercer planteamiento de error se refieren a la apreciación del TPI al concluir que hubo despido injustificado y discriminatorio. Ambos señalamientos están intrínsecamente relacionados a la evaluación de la prueba realizada por el juzgador de los hechos, por lo cual serán atendidos en conjunto.
La norma en nuestra jurisdicción es que los tribunales apelativos no intervendrán con las determinaciones formuladas por el Tribunal de Primera Instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Véanse, Colón González v. K-Mart, 2001 J.T.S. 98, en la pág. 1,484; Rolón García v. Charlie Car Rental, Inc,, 99 J.T.S. 89, en la pág. 1,099; Belk Arce v. Martínez, 98 J.T.S. 92 en la pág. 1,315; Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987); Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 181 (1985); Rodríguez Cancel v. A.E.E., 116 D.P.R. 443, 451 (1985); Velázquez v. Ponce Asphalt, 113 D.P.R. 39, 50 (1982); Quintana Tirado v. Longoria, 112 D.P.R. 276, 292 (1982); Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.
Dicha norma descansa en la concepción de que el juzgador de los hechos, por ser quien recibe en primera instancia la prueba, es quien está en mejor posición para evaluar la misma. Trinidad García v. Chade, 2001 J.T.S. 10, en la pág. 793; Flores Santiago v. Domínguez, 98 J.T.S. 96, en la pág. 1,354; López Vicil v. ITT Intermedia, Inc., 142 D.P.R. 857, 865 (1997); Ortiz v. Cruz Pabón, 103 D.P.R. 939, 947 (1975).
Como señaláramos anteriormente, ambas partes tuvieron la oportunidad de presentar prueba a su favor. El apelante alegó mediante prueba testifical que el despido del coapelado se debió a un proceso de reorganización en la Sala de Emergencia del Hospital.
Corresponde al juzgador de los hechos conceder credibilidad a la prueba vertida ante sí. La reorganización es una de las razones avaladas por la Ley Núm. 80, ante, para despido. 29 L.P.R.A. § 185b. No obstante, no basta alegar la existencia de una reorganización, es necesario demostrar que en efecto ocurrió la misma. El TPI determinó que el apelante no demostró la alegada reorganización. 
Una vez el tribunal apelado, en corte abierta, dictaminó que el despido fue uno sin justa causa, le brindó oportunidad al apelante para rebatir la presunción de que el despido fue uno discriminatorio a tenor con el Art. 3 de la ley Núm. 100, ante. No obstante, dicha parte se reafirmó en la prueba desfilada y no presentó prueba adicional. 
La prueba desfilada demostró que el Dr. Cruz Antequera era el médico de mayor edad en la institución, *944 que fue reemplazado en sus funciones por dos médicos más jóvenes y con menor antigüedad que éste en la institución médica, y que el coapelado había sido reconocido por su excelencia en el desempeño de su profesión. No cabe dudas que el TPI no erró al evaluar la prueba que tenía ante su consideración.
V
Procede que evaluemos si erró el tribunal a quo al computar la mesada correspondiente al coapelado, Dr. Cruz Antequera. El apelante aduce que los cómputos de la mesada están incorrectos, ya que los mismos debieron hacerse a partir del 16 de septiembre de 1998, fecha en que según esta parte comenzó a trabajar el coapelado. Los coapelados alegan que el Dr. Cruz Antequera comenzó a trabajar el Io de septiembre de 1997, fecha en que fue contratado como empleado regular, mediante remuneración y sin término por el Municipio de Mayagüez, predecesora del Hospital San Antonio Inc. Alegan que opera la doctrina de patrono sucesor, por lo cual, la fecha a ' considerar para el cómputo de la mesada es el del Io de septiembre de 1997.
La Ley Núm. 80, ante, dispone que de no haber mediado justa causa para el despido de un empleado, éste tendrá derecho a percibir, además del salario que hubiere devengado, una indemnización correspondiente al sueldo de un mes cuando el despido ocurre dentro de los primeros cinco (5) años de servicio; y el monto del salario equivalente a una semana por cada año de servicio. 29 L.P.R.A. § 185 a; véase además, Díaz Fontánez v. Wyndham Hotel Corp., supra; Alvira Cintrón v. SK & F Laboratories, 143 D.P.R. 803 (1997); Delgado Zayas v. Hospital Interamericano, 137 D.P.R. 643 (1994).
De otra parte, la Ley Núm. 80, ante, dispone del mecanismo a utilizar cuando hay traspaso de un negocio en marcha, es decir, cuando hay un patrono sucesor. Esto aplica en las situaciones, como en la de autos, donde un nuevo dueño continúa la operación del negocio en forma similar y utilizando los mismos servicios de los empleados que trabajaban para el anterior patrono. Alberto Acevedo Colom, Legislación Protectora del Trabajo Comentada, ante, en la pág. 172. En dichos casos, el nuevo patrono tiene que acreditar a los empleados que estaban trabajando para el anterior dueño, el tiempo que llevaran trabajando para estos últimos. 29 L.P.R.A. § 185 f.
A tenor con esta norma, el cómputo para la mesada corresponde hacerlo desde la fecha en que el Dr. Cruz Antequera comenzó a laborar para el Municipio de Mayagüez. Por lo cual, el tribunal a quo no cometió el error alegado.
VI
Por último, el apelante arguye que el foro de instancia erró al imponerle el pago del salario por concepto del contrato de guardias médicas, que fue cancelado el 7 de enero de 2001. Alega que el coapelante no podía tener un interés reconocido en la retención del empleo, ya que el mismo estaba sujeto a la cancelación unilateral en cualquier momento. Además, arguye que el Hospital sólo tenía que compensarle por el tiempo trabajado hasta la fecha en que el contrato fue resuelto. No le asiste la razón.
El que un empleado preste sus servicios al amparo de un contrato por tiempo determinado, no lo priva automáticamente de la protección de la Ley Núm. 80, ante. Alberto Acevedo Colom, Legislación Protectora del Trabajo Comentada, ante, en la pág. 168. En 1988, la Asamblea Legislativa de Puerto Rico aclaró que “es nula toda estipulación en un contrato de trabajo por tiempo determinado o para llevar a cabo cierta obra, mediante la cual el obrero o empleado autorice al patrono a despedirle en cualquier momento antes del cumplimiento del contrato, sin causa justificada, o que dicho obrero o empleado conviene en renunciar a cualquier derecho, beneficio o compensación adicional que pueda corresponderle de acuerdo con las leyes de Puerto Rico por razón de tal cesantía.” Ley Núm. 3 de 24 de febrero de 1988, Exposición de Motivos, 29 L.P.R.A. § 185 i.
VII
A la luz de la normativa antes expuesta, confirmamos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 5 de octubre de 2001.
*945 Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 48
1. Véase Determinaciones de Hechos Núms. 22 y 23, Sentencia emitida el 5 de octubre de 2001, Anejo Núm. 8, en la pág. 52.
2. Véase Sentencia emitida el 5 de octubre de 2001, Anejo Núm. 8, en la pág. 57.
3. Véase Escrito de Apelación en las págs. 6 y 7.
4. Id., en las págs. 51-53.